**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

ROBERT E. BANNISTER                                       PETITIONER
ADC #151001

V.                              NO. 5:14CV00201 DPM/JTR

RAY HOBBS, Director,                                      RESPONDENT
Arkansas Department of Correction

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District

Judge D. P. Marshall Jr. Any party may serve and file written objections to this

recommendation. Objections should be specific and should include the factual or legal

basis for the objection. If the objection is to a factual finding, specifically identify that

finding and the evidence that supports your objection. An original and one copy of

your objections must be received in the office of the United States District Clerk no

later than fourteen (14) days from the date of the findings and recommendations. The

copy will be furnished to the opposing party. Failure to file timely objections may

result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the

United States District Judge, you must, at the same time that you file your written

objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3.      An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Room A149
> Little Rock, AR 72201-3325

## I. Background

Pending before the Court is a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus filed by Petitioner, Robert E. Bannister ("Bannister"), an inmate in the Arkansas Department of Correction. *Doc. 2.* Respondent, Ray Hobbs, has filed a Response, *Doc. 8*, and Bannister has filed a Reply, *Doc. 10*. Thus, the issues are joined and ready for disposition.

Before addressing Bannister's habeas claims, the Court will review the procedural history of the case.

On September 28, 2011, Bannister appeared in Washington County Circuit Court and entered a negotiated guilty plea to two counts of second-degree sexual assault. He was sentenced to 240 months of imprisonment, followed by a 240-month suspended imposition of sentence. *Doc. 2, at 18-20*; *Doc.8-1* . Because his guilty plea was not conditional, Bannister waived his right to a direct appeal. *See* Ark. R. App. P.-Crim 1(a); Ark. R. Crim. P. 24.3(b) (2011).

On June 4, 2013, Bannister filed a petition for writ of error coram nobis in the trial court, arguing that: (1) he was coerced into giving an incriminating statement to police and subsequently pleading guilty based on that statement; and (2) the State concealed certain evidence from his attorney in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). *Doc. 2, at 21-30*.

On June 14, 2013, the court entered an order denying the coram nobis petition. *Id. at 43-44.* Bannister did not file a timely notice of appeal.[1]

On December 16, 2013, Bannister filed a motion for belated appeal of the order denying coram nobis relief with the Arkansas Supreme Court. *Id. at 58-63*. On

---

[1]*See* Ark. R. App. P.-Crim. 2(a)(1) (notice of appeal must be filed within 30 days from entry of judgment). Bannister did tender to the Arkansas Supreme Court a "Petition for Certiorari Review," which the Court returned to him as an improper means to seek review of the denial of coram nobis relief. *Doc. 2, at 45-54.*

February 6, 2014, the Court denied Bannister's motion because it was "clear from the record that petitioner could not prevail on appeal if the appeal were permitted to go forward." *Bannister v. State*, 2014 Ark. 59 at 1; *Doc. 2, at 64-71*.

On May 15, 2014, Bannister initiated this *pro se* § 2254 habeas action. In his Petition, he argues that: (1) he was coerced into writing an incriminating statement and then pleading guilty; and (2) the State withheld from his attorney an exculpatory statement that Bannister had made to police.

Respondent contends that: (1) Bannister's claims are barred by the one-year statute of limitations applicable to federal habeas petitions; and (2) the Arkansas Supreme Court reasonably adjudicated the claims in denying Bannister's motion for belated appeal.

For the reasons discussed below, the Court recommends that the Petition be denied as untimely.[2]

## II. Discussion

A state prisoner seeking to challenge his state court conviction in federal court must file a petition for habeas relief within one year after the state judgment of conviction becomes final by conclusion of direct review or the expiration of the time

---

[2]Thus, the Court need not address Respondent's second argument.

for seeking such review. 28 U.S.C. § 2244(d)(1)(A).

Bannister's Judgment and Commitment Order was "filed for record" on September 28, 2011.[3] Because his guilty plea waived his right to appeal, his conviction was "final" at that time for purposes of § 2244(d)(1)(A). From that date, Bannister had one year, until September 28, 2012, to file this federal habeas action.

Bannister initiated this action on May 15, 2014, almost two years *after* the expiration of the one-year statute of limitations.[4]

The federal limitations period is tolled while a "properly filed" application for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2). However, because Bannister filed his state coram nobis petition *after* the statute of limitations had already run, that petition had no tolling effect under this provision. *See Jackson v. Ault*, 452 F.3d 734, 735-36 (8th Cir. 2006) (the statute of limitations for filing a federal habeas action "cannot be tolled after it expires").

To excuse his untimeliness, Bannister argues that he did not become aware of

---

[3]*Doc. 2, at 18; see Bradford v. State*, 94 S.W.3d 904, 908-09 (Ark. 2003) (under Arkansas law, criminal judgment is effective when entered of record by filing with circuit court clerk); Ark. Sup. Ct. Admin. Order No. 2(b)(2) (judgment, decree or order is "entered" when stamped or marked with the date and time and the word "filed").

[4]Although the Clerk of Court received and file-stamped Bannister's habeas Petition on May 21, 2014, it was deemed "filed," as a matter of law, on the date it was delivered to prison authorities for mailing to the Court. *Streu v. Dormire*, 557 F.3d 960, 962 (8th Cir. 2009); *see* Rule 3(d), Rules Governing § 2254 Cases in United States District Courts. Bannister certified that he placed his Petition in the prison mailing system on May 15, 2014. *Doc. 2, at 15*.

the underlying factual predicate for his claims until after the one-year limitations period had expired. He bases this argument on the "newly discovered" "exculpatory statement" that he allegedly gave to police when he was first questioned on June 2, 2011.[5] He alleges that his original statement was "in no part incriminating" and the police "bullied and coerced" him into writing a second statement, which was used to arrest him. Bannister claims that he put the original statement in his wallet, which the State later stored with the rest of his property until being mailed to him in May 2013. About a month after he received the package containing his original statement, he alleges that he filed his coram nobis petition in state court arguing, in part, that the police "withheld" the original statement from his trial attorney. Three months after completion of the coram nobis proceedings, Bannister initiated this § 2254 action. *Doc. 2, at 13; Doc. 10.*

In some circumstances, the one-year limitations period for filing a federal § 2254 action does not begin to run until the date on which "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). It is undisputed that: (1) Bannister wrote the

---

[5]In the unsigned statement, the author (presumably Bannister) stated that he "picked up [the child victim], gave her a bear hug and patted her on the bottom," and "helped [her] fix her skirt which was falling off her hip," but "never touched her inappropriately." *Doc. 2, at 30*. Bannister argues that this statement "confirms that [he] did not agree to any form of sexual gratification, nor any feeling of wrongdoing." *Id. at 5.*

statement at issue in June 2011, five months *before* he entered his guilty plea in September 2011; and (2) he had his "original" written statement in his possession for some period of time after the interrogation. Although he alleges his "original" statement was removed from his possession for almost two years, he *knew* it existed and he *knew* it conflicted with the allegedly coerced statement.

Bannister does not explain why he failed to inform his attorney about his "original" statement; why he opted to plead guilty when he thought the "original" statement could provide a defense to the charges; or why he failed to use its contents or the State's failure to disclose it to his attorney as the basis for any post-conviction claims prior to his coram nobis proceedings. Bannister appears to have actually known, but, certainly by exercising due diligence, could have discovered the "factual predicate" underlying his habeas claims *before* the expiration of the one-year period for filing a federal habeas action. This means, under § 2244(d)(1)(D), he is not entitled to any delay in the one-year limitations period, which began to run on September 28, 2011.

For similar reasons, the June 2011 statement does not provide a basis for equitably tolling the one-year limitations period. A petitioner may be entitled to equitable tolling if he shows: (1) he has been "pursuing his rights diligently," but (2) "some extraordinary circumstance stood in his way and prevented timely filing."

*Holland v. Florida*, 560 U.S. 631, 645, 649 (2010).

First, Bannister clearly was aware of the factual basis for his claims during the running of the one-year limitations period. The fact that he was pursuing collateral relief in state court does not excuse him from diligently taking steps to preserve and timely pursue his federal habeas claims. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (prisoner seeking state post-conviction relief can file a "protective" federal habeas petition and ask federal court to stay the habeas action until conclusion of state proceedings); *Runyan v. Burt*, 521 F.3d 942, 945-46 & n.4 (8th Cir. 2008) (no equitable tolling where petitioner's post-conviction applications were not properly filed and thus did not toll the statute of limitations, and he "could have protected himself" during their pendency by filing a timely federal habeas petition and seeking "stay and abeyance"); *Walker v. Norris*, 436 F.3d 1026, 1030-31 (8th Cir. 2006).

Second, Bannister has not alleged, much less demonstrated, any "extraordinary circumstances" as required by *Holland*. The Eighth Circuit has repeatedly held that a petitioner's pro se status, lack of legal knowledge or legal resources, or any confusion about the federal limitations period or state post-conviction law, does *not* justify equitable tolling. *See, e.g., Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012); *Shoemate v. Norris*, 390 F.3d 595, 597-98 (8th Cir. 2004). For both of these reasons, Bannister is not entitled to equitable tolling.

Finally, Bannister's "discovery" of the written "exculpatory statement" he allegedly gave to police before he gave them the coerced "inculpatory statement" is insufficient to establish a claim of actual innocence, which, "if proved, serves as a gateway through which a petitioner may pass" to overcome the expiration of the statute of limitations under *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). The Court in *McQuiggin* cautioned that "tenable actual-innocence gateway pleas are rare," and reiterated the "demanding" standard articulated in its previous cases: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 329 (1995), and *House v. Bell*, 547 U.S. 518, 538 (2006)). The actual-innocence exception requires a habeas petitioner to come forward with "new reliable evidence" which was "not available at trial through the exercise of due diligence." *Schlup*, 513 U.S. at 324; *Kidd v. Norman*, 651 F.3d 947, 951-53 (8th Cir. 2011). A habeas petitioner's "unexplained delay" in coming forward with his new evidence is a factor to be considered in evaluating the "credibility of evidence proffered to show actual innocence." *McQuiggin*, 133 S. Ct. at 1935-36.

The alleged "original statement" Bannister gave to police simply does not constitute "new reliable" evidence. Bannister *admits* that he allegedly wrote the

statement in June 2011, had it in his possession for some time while incarcerated, and obviously knew of the allegedly exculpatory content of that statement at the time he entered his guilty plea in September 2011 and for years thereafter. Thus, the statement is not "new" evidence that was "not available at trial through the exercise of due diligence." *Kidd*, 651 F.3d at 953.[6] Finally, the reliability of Bannister's assertions is seriously undermined by his failure to explain why he waited *almost three years* before raising this claim in a federal habeas action.

The law is clear that, "[w]ithout any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup*, 513 U.S. at 316; *see Nooner v. Hobbs*, 689 F.3d 921, 937 (8th Cir. 2012) (when habeas petitioner fails to present new, reliable evidence of innocence, "it is unnecessary to conduct a further *Schlup* analysis"), *cert. denied*, 134 S. Ct. 58 (2013).

Accordingly, all of Bannister's habeas claims are time-barred.

---

[6]*See Osborne v. Purkett*, 411 F.3d 911, 919-20 (8th Cir. 2005) (no "new" evidence where affidavit was based on information existing at time of trial, which could have been discovered earlier if pursued with diligence); *Nance v. Norris*, 392 F.3d 284, 291 (8th Cir.2004) (no actual-innocence showing with information that was available at trial, on direct appeal and throughout post-conviction proceedings); *Bannister v. Delo*, 100 F.3d 610, 618 (8th Cir.1996) (affidavit is not new evidence if defendant was aware at trial of facts contained in affidavit, even if defendant was not aware of document itself).

### III. Conclusion

IT IS THEREFORE RECOMMENDED that this 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, *Doc. 2*, be DENIED and this case be DISMISSED, WITH PREJUDICE.

IT IS FURTHER RECOMMENDED THAT a Certificate of Appealability be DENIED. *See* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts.

DATED THIS 15th DAY OF January, 2015.

_____
UNITED STATES MAGISTRATE JUDGE